UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SEAN EARLEY,

                        Petitioner,

          -against-

TIMOTHY MURRAY,

                        Respondent,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM & ORDER**
03-CV-3104 (ERK)

Korman, J.

      I assume familiarity with proceedings underlying this petition for a writ of habeas corpus, as well as its procedural history. Briefly, the period of incarceration imposed on petitioner as a result of his plea of guilty to attempted burglary in the second degree — his seventh such conviction — was six years of imprisonment. While this period of confinement was reflected in the sentence announced in court by the judge, the written judgment, and the written order of commitment signed by the Clerk of the Kings County Supreme Court, the sentence, as reflected in the foregoing proceedings, did not include a mandatory period of post-release supervision ("PRS") as prescribed by a then-recently enacted provision of New York law. N.Y. Penal Law § 70.45(1) ("Each determinate sentence also includes, as part thereof, an additional period of post-release supervision."). Because of Earley's prior record, the mandatory period of supervised release was five years. Id. § 70.45(2). Relying on the express provisions of the New York Penal Law, the Department of Corrections administratively added a five-year term of PRS to petitioner's sentence without informing him.

      On the appeal from the denial of the petition for a writ of habeas corpus, the Court of Appeals for the Second Circuit held that, because the trial judge did not impose the

mandatory five-year sentence, the Due Process Clause was violated when the Department of Corrections administratively added the statutorily mandated period of supervised release to petitioner's pretrial sentence. Earley v. Murray, 451 F.3d 71 (2d Cir. 2006). The Court of Appeals relied on Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936), a case which was distinguishable on its facts and which did not invoke the Constitution as the basis for its holding. See Earley, 451 F.3d at 76 n.1 ("Although Wampler does not identify the source of the rule that it announces, we believe that it is based in the due process guarantees of the United States Constitution."). Because there was a factual issue as to whether the petition was timely filed, the Court of Appeals vacated the judgment denying the petition and remanded the case for me to determine whether Earley's petition was timely. I referred the hearing on this issue to United States Magistrate Judge Pohorelsky, who filed a written report recommending that I hold the petition was timely filed. See Docket No. 35. Upon de novo review, I adopt the recommendation and its underlying reasoning, notwithstanding serious questions relating to petitioner's credibility.

I am persuaded of the falsity of the allegation that supported the principal grounds raised in the petition, namely, that petitioner was not advised by his attorney that his plea bargain sentence would include a five-year term of PRS. Nevertheless, while he was advised that the sentence to be imposed following his plea of guilty would include such a period of supervised release, I agree with the magistrate judge that petitioner did not learn that this portion of the sentence was administratively added by the Department of Corrections until a period within a year of the filing of his petition. See United States v. Weinstein, 452 F.2d 704, 713 (2d Cir. 1971) (Friendly, J.) ("The maxim 'Falsus in uno, falsus in omnibus' has been well said to be itself 'absolutely false as a maxim of life'.") (internal citation omitted).

2

Under these circumstances, I find that the petition was timely filed. The Second Circuit instructed that, if I came to this conclusion, I should "issue a writ of habeas corpus excising the term of post-release supervision from Earley's sentence and relieving him of any subsequent penalty or other consequence of its imposition." Earley, 451 F.3d at 77. The Second Circuit went on to say that "[o]ur ruling is not intended to preclude the state from moving in the New York courts to modify Earley's sentence to include the mandatory PRS term." Id. In a footnote it dropped to the last sentence, it observed that "[i]t is not clear whether such a motion could be made at this time under New York law, N.Y. Crim. Proc. Law § 440.10, which appears to require such motions to be filed within one year of the entry of judgment." Id. at 77 n.2.

While it seems clear that the District Attorney could not file such a motion, because more than one year has elapsed since the date the sentence was entered, a judge may correct an illegal sentence on his own motion and the inherent power to do so is not subject to the one-year time limitation of N.Y. Crim. Proc. Law § 440.10. People v. Wright, 56 N.Y.2d 613 (1982). In Wright, the New York Court of Appeals expressly held that the one-year time limitation for motions by the District Attorney to correct an illegal sentence does not "affect the court's inherent power to correct an invalid sentence." Id. at 615. Moreover, the fact that such an error may be "brought to the court's attention by the District Attorney does not alter the fact that in resentencing the defendant, the court was exercising its own inherent power." Id. at 614.

Similarly, although section 430.10 of New York Criminal Procedure Law provides that "when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such a sentence may not be changed . . . once the term or period of the

3

sentence has been commenced," that limitation does not apply to the correction of sentences that are not imposed in accordance with law. Indeed, the New York Court of Appeals has explicitly recognized an "[e]xcept[ion,] where a sentence has been deemed to be illegal," to the rule limiting the power of a sentencing judge to correct a sentence. People v. Richardson, 100 N.Y.2d 847, 850-53 (2003). Such limitations are applicable only with respect to the power "to modify a lawful sentence," id., and have never been applied to illegal sentences. The sentence imposed in this case was not a valid sentence under New York law, because it failed to include the mandatory five-year period of supervised release. People v. Hill, ___ A.D. 3d ___, 830 N.Y.S.2d 33, 41-42 (1st Dep't 2007); People v. Rodriguez, 15 Misc.3d 1114, 2007 WL 967097, at *5 (N.Y. Sup. Ct. Bronx County Mar. 30, 2007). Under these circumstances, the foregoing cases hold it may be modified or corrected by the sentencing court. See, e.g., Rodriguez, 2007 WL 967097, at *5 ("[S]ince the ten-year determinate sentence imposed on the date of sentencing was illegal because it did not include a period of PRS, this Court has the inherent power to modify it, sua sponte or otherwise.") (internal citations omitted); see also People v. DeValle, 94 N.Y.2d 870 (2000); People v. Williams, 87 N.Y.2d 1014 (1996); People ex rel. Friedman v. Hayes, 172 A.D. 442 (2d Dep't 1916).

This brings me to the formulation of the appropriate remedy. Consistent with the instruction of the Second Circuit, I grant the petition for a writ of habeas corpus. Nevertheless, I stay the order for twenty-eight days to permit the sentencing court to exercise its power to conform the sentence to the mandate of New York law. Because petitioner has already served part of his PRS, I assume the correction of the sentence will be nunc pro tunc. If the sentence is corrected to include the PRS, the District Attorney may move for

4

reconsideration of the order granting the writ and the petitioner may renew his claim that the conviction should be set aside for other reasons. Should the District Attorney so move, and should petitioner object, I may be forced by the instructions from the Court of Appeals to deny the motion, although I would continue the stay pending an appeal by the District Attorney to the Court of Appeals. The formulation of this remedy is consistent with "the equitable nature of the writ" and the "discretion implicit in the statutory command that the judge . . . 'dispose of the matter as law and justice require,' 28 U.S.C. § 2243." Stone v. Powell, 428 U.S. 465, 478 n.11 (1976) (internal citation omitted).

## Conclusion

The petition for a writ of habeas corpus is granted "excising the term of post-release supervision from [petitioner's] sentence and relieving him of any subsequent penalty or other consequence of its imposition." Earley, 451 F.3d at 77. I stay the order for twenty-eight days for the reasons stated above. Petitioner is in the midst of serving a sentence for a violation of the terms of his release, after he served his six-year sentence in this case. The violation was the result of his conviction for possession of stolen property – his eighth conviction for either burglary or related offenses. This is a defendant who needs supervised release. The remainder of his sentence and the period of supervision should not be disturbed because of a ministerial error that may be rectified easily. See Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987) (setting out standards for staying a grant of a writ of habeas corpus).

**SO ORDERED:**

Brooklyn, New York
May 1, 2007

*Edward R. Korman*

Edward R. Korman
United States District Judge